**NOT FOR PUBLICATION**

AUG 27 2013

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHINATOWN NEIGHBORHOOD ASSOCIATION, a nonprofit corporation; ASIAN AMERICANS FOR POLITICAL ADVANCEMENT, a political action committee, | No. 13-15188<br><br>D.C. No. 4:12-cv-03759-PJH |
| Plaintiffs - Appellants, | |
| v. | MEMORANDUM[*] |
| EDMUND G. BROWN, Jr., Governor of the State of California; KAMALA HARRIS, Attorney General of the State of California; CHARLTON H. BONHAM, Director, California Department of Fish and Game, | |
| Defendants - Appellees, | |
| THE HUMANE SOCIETY OF THE UNITED STATES; MONTEREY BAY AQUARIUM FOUNDATION; ASIAN PACIFIC AMERICAN OCEAN HARMONY ALLIANCE, | |
| Intervenor-Defendants - Appellees. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted August 14, 2013
San Francisco, California

Before: REINHARDT, NOONAN, and HURWITZ, Circuit Judges.

The Chinatown Neighborhood Association and Asian Americans for Political Advancement (collectively "Chinatown") appeal the district court's denial of a preliminary injunction against the enforcement of sections 2021 and 2021.5 of the California Fish and Game Code (the "Shark Fin Law"). Subject to certain exceptions, the Shark Fin Law makes it "unlawful for any person to possess, sell, offer for sale, trade, or distribute a shark fin" in California. *Id*. § 2021(b).

We have appellate jurisdiction pursuant to 28 U.S.C. § 1292(a)(1) and review the denial of a preliminary injunction for abuse of discretion. *Am. Trucking Ass'ns v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009). On the record before it, the district court did not abuse its discretion, and we accordingly affirm.

1. The district court properly applied the *Winter* test in analyzing the preliminary injunction application. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Contrary to Chinatown's protestations, the district court also expressly found that Chinatown failed to meet its burden under the alternative "serious

questions" test articulated in *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

2. The district court did not abuse its discretion in determining that Chinatown failed to prove a likelihood of irreparable harm. Chinatown offered only evidence suggesting that business owners would suffer some economic harm from operation of the Shark Fin Law. *See Oakland Tribune, Inc. v. Chronicle Pub. Co.*, 762 F.2d 1374, 1376 (9th Cir. 1985).

3. Nor did the district court abuse its discretion in finding that Chinatown failed to show a likelihood of success on its Equal Protection Clause claim. The Shark Fin Law is facially neutral, and Chinatown presented no persuasive evidence indicating that the California legislature's real intent was to discriminate against Chinese Americans rather than to accomplish the Law's stated humanitarian, conservationist, and health goals. *See Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979).

4. On the record before it, the district court did not abuse its discretion in concluding that Chinatown was unlikely to succeed on its dormant Commerce Clause claim. Chinatown asserted claims only on behalf of those who seek to buy and sell shark fins for end use in California. Chinatown's amici offered broader arguments on how the Shark Fin Law burdens interstate commerce for the first time on appeal. In the context of the preliminary injunction proceedings, the district court did not err in

3

concluding that the Shark Fin Law does not substantially burden the interstate market. *See Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970); *Nat'l Ass'n of Optometrists & Opticians v. Harris*, 682 F.3d 1144, 1148 (9th Cir. 2012). The district court can consider the broader dormant Commerce Clause arguments when deciding whether to issue a permanent injunction.

5. Similarly, on the evidence before it, the district court properly found that Chinatown did not show a likelihood of success on its Supremacy Clause claim. As the district court properly noted, the Magnuson-Stevens Fishery Conservation and Management Act ("MSA"), 16 U.S.C. §§ 1801–1884, does not expressly preempt state law or occupy the entire field. And Chinatown presented no evidence indicating that by restricting the sale and possession of shark fins in California, the Shark Fin Law conflicts with the MSA's objectives. Although the federal government raised preemption concerns on the eve of oral argument before this court as a late-filing amicus, because these arguments were never before the district court, the district court did not abuse its discretion in failing to anticipate them. The government is, of course, not foreclosed from raising these arguments in the permanent injunction proceedings.

6. We have reviewed Chinatown's other claims of error and find none.

**AFFIRMED.**